UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL MOATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV422-154 |
| JEREMEY RANDALL HOLT, and INDEPENDENCE BEHAVIOR SOLUTIONS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Michael Moates' motions for leave to proceed *in forma pauperis* ("IFP"), doc. 3, and "Application for Temporary Restraining Order, Temporary and Final Injunction". Doc. 2 at 4. Due to several ambiguities in the IFP application, discussed below, the Court is unable to determine whether Moates is indigent. He is therefore **DIRECTED** to supplement his IFP application within 14 days from the date of entry of this Order. Although payment or a request to proceed *in forma pauperis* is mandatory, the Eleventh Circuit has recognized that "payment of the required filing fee is not a jurisdictional requirement." *See White v. Lemma*, 947 F.3d 1373, at 1378-79 (11th Cir.

1

2020). Accordingly, after discussing the deficiencies in Moates' IFP application, the Court will address the merits of his request for injunctive relief. Doc. 2.

Moates' IFP application states that his take-home pay or wages are $2,500 per month, and that he has $122 in cash or a checking/savings account. Doc. 3 at 1-2. He lists $1,644 in monthly expenses related to rent, utility, and car payments/insurance. *Id.* at 2. The information provided, therefore, suggests that Moates has approximately $850 per month in discretionary income. In the section of the application directing him to disclose his "debts or financial obligations", applicants are directed to "describe the amounts owed and to whom they are payable." *Id.* Moates disclosed $3,232 in debts/financial obligations; however, he vaguely attributed this amount to "Medical", "Moving Expenses", "Office", and "Household." *Id.* It is not clear whether those debts impose any additional monthly obligation.

Because it appears, albeit somewhat ambiguously, that Moates has significant monthly income, not required to meet his monthly expenses, it impossible for the Court to conclude that he is indigent. Wary of indigency claims where information appears to have been omitted, and

cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants.[2] *See, e.g., Kareem v. Home*

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, inter alia, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n. 1 (S.D. Ga. May 14, 2014).

[2] A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

*Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).

Moates is, therefore, **DIRECTED** to file a supplemental application to proceed IFP within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Moates is **DIRECTED** to file his supplemental application again using this long form. In completing the supplemental application, he must answer every question to the best of his ability. Failure to comply with this Order may result in a recommendation that his case be dismissed. See Fed. R. Civ. P. 41(b).

Moates has also requested "that the Court enter a Temporary Restraining Order and Preliminary Injunction" against Defendant Jeremey Randall Holt. Doc. 2 at 12. Such requests are governed by Federal Rule of Civil Procedure 65, which provides for two types of preliminary relief: temporary restraining orders and preliminary injunctions. *See* Fed. R. Civ. P. 65(a)-(b). A preliminary injunction can only be issued if notice has been provided to the adverse party. Fed. R. Civ. P. 65(a)(1). Temporary restraining orders may be issued without

notice, but only under limited circumstances. Fed. R. Civ. P. (b)(1)(A)-(B). A party seeking a temporary restraining order must "certif[y] in writing any efforts made to give notice [to the opposing party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Courts have found that *pro se* parties are not excused from the requirement. *See Vaughan v. Bank of America, NA*, 2010 WL 3273052, at * 1 (S.D. Ala. Aug. 18, 2010).

Moates filed his motion under seal, and it is silent as to whether he attempted to provide notice to Holt or Independence Behavior Solutions. *See generally* doc. 2. His request for a preliminary injunction should therefore be **DENIED**. Doc. 2; *see* Fed. R. Civ. P. 65(a)(1). Further, since Moates has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required", Fed. R. Civ. P. 65(b)(1)(B), his request for a temporary restraining order should also be **DENIED**. Doc. 2. Moates remains free to refile any request for preliminary relief, subject to his compliance with the Court's instructions concerning his request to proceed *in forma pauperis* and the Federal Rules of Civil Procedure.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, Holt and "Independence Behavioral Solutions"[3] have specially appeared and filed a Motion to File Complaint Permanently Under Seal. Doc. 10 (filed July 1, 2022); *see* S.D. Ga. L. Civ. R. 7.5 ("each

---

[3] Moates' pleadings identify the entity defendant as "Independence Behavior Solutions." *See* doc. 1 at 1. To the extent that thee entity is misnamed, it is free to seek the appropriate relief when it is served. *See* doc. 10 at 1 n. 1 (alleging that "Defendants have not been served . . . .").

party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion"). To afford Moates an opportunity to respond to the seal request, the Clerk is **DIRECTED** to maintain the Complaint, doc. 1, under seal until further Order from the Court.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA