# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL MOATES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEREMY RANDALL HOLT, and )<br>INDEPENDENCE BEHAVIOR )<br>SOLUTIONS, )<br>)<br>Defendants. ) | CV422-154 |

## **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Michael Moates filed this case in the United States District Court for the Northern District of Texas. *See generally* doc. 6. It was transferred to this Court *sua sponte*. *Id.* at 1. The Court reviewed Moates' motion to pursue this case *in forma pauperis* and determined that it was insufficient. *See* doc. 11 at 1-4. The Court also recommended that his request for preliminary relief be denied. *Id.* at 4-5. That recommendation remains pending. However, the service copy of the Court's General Order sent to Moates has been returned as undeliverable because the address Moates provided is "vacant." *See* doc. 12 at 1. It appears that Moates has failed to keep the Court apprised of his current

1


address, in violation of the Local Rules. *See* S.D. Ga. L. Civ. R. 11.1 ("Each . . . *pro se* litigant has a continuing obligation to apprise the Court any address change."). "Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case." *Harpo v. Strength*, 2012 WL 994463, at * 2 (S.D. Ga. Feb. 22, 2012), *adopted* 2012 WL 993291 (S.D. Ga. Mar. 22, 2012).

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Because Moates has failed to provide a valid address, his Complaint should be **DISMISSED**.[1]

---

[1] Plaintiff remains free to respond to this Report and Recommendation within the fourteen-day objections period, discussed below, and provide a valid address. His deadlines to respond to the pending Motion to Seal, doc. 10, and Report and Recommendation, doc. 11, remain unchanged. If Moates seeks to extend either deadline, he must file a motion requesting such an extension. *See, e.g.,* Fed. R. Civ. P. 7(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 12th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA