IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL MOATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV422-154 |
| | ) |
| JEREMY RANDALL HOLT, and | ) |
| INDEPENDENCE BEHAVIOR | ) |
| SOLUTIONS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**O R D E R**

Before the Court is the Magistrate Judge's July 12, 2022, Report and Recommendation (Doc. 13.), to which Plaintiff Michael Moates has not filed an objection. Defendants Jeremy Randall Holt and Independence Behavior Solutions filed a Response and Objection to the Magistrate Judge's July 6 and July 12 Reports and Recommendations. (Doc. 15.) After a careful review of the record,[1] the report and recommendation (Doc. 13) is **ADOPTED** as the Court's opinion in this case.[2] Plaintiff's Complaint (Doc. 1) is **DISMISSED**

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

[2] The Magistrate Judge's July 6, 2022, Report and Recommendation is **DISMISSED AS MOOT**. (Doc. 11.)

**WITHOUT PREJUDICE,** and Plaintiff's motion for temporary restraining order (Doc. 2) and motion for leave to proceed In Forma Pauperis (Doc. 3) are **DISMISSED AS MOOT.**

The Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to comply with the local rules and orders of this Court. (Doc. 13 at 1-2.) Defendants concurred with the Magistrate Judge's recommendation to dismiss Plaintiff's complaint but, in the event the Court did not dismiss Plaintiff's complaint, asked the Court to order Plaintiff to comply with applicable law and rules of the Court when filing documents. (Doc. 15 at 2-3.)

In their response, Defendants also renewed their arguments in their motion to permanently seal Plaintiff's complaint. (Id. (citing Doc. 10).) Defendants argue Plaintiff's complaint contains highly sensitive information which, if disclosed, carries "serious implications for the privacy and security of individuals, and as such far outweighs any common-law right of access to judicial proceedings." (Doc. 10 at 2.)

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process[.]" Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks and quotations omitted). "[T]he common-law right

2

of access includes the right to inspect and copy public records and documents." Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)). Plaintiff's complaint, a judicial record, is therefore presumptively open to the public.

A party may overcome the presumption of public access by a showing good cause exists to prevent such access. Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1363 (11th Cir. 2021). A good cause determination "requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chi. Trib. Co., 263 F.3d at 1309). In weighing these competing interests, the Court considers

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. (citations omitted).

The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a 'sensitive appreciation of the circumstances that led

to . . . [the] production [of the particular document in question].' " <u>Chi. Trib. Co.</u>, 263 F.3d at 1311, 1315 (alteration in original) (citations omitted). After careful consideration of Plaintiff's complaint, the Court agrees with Defendants that it contains references to highly sensitive information which could cause injury if made public. Additionally, because this matter is dismissed due to Plaintiff's failure to prosecute, no opportunity exists for Defendants to respond to the information. Therefore, considering the foregoing factors, the Court finds that maintaining the complaint under seal is appropriate, and Defendants' motion (Doc. 10) is **GRANTED**. The Clerk of Court is **DIRECTED** to maintain the complaint (Docs. 1, 2) **UNDER SEAL** until further order of this Court. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 21ST day of November 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA